UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHIEF 2 EAGLES f/k/a BILLY BURKETTE * | | CIVIL ACTION |
| VERSUS * | | NO. 25-494 |
| IVAN LEMELLE, ET AL. * | | SECTION "P" (2) |

## **ORDER AND REASONS**

Pending before me is a Motion to Unseal Grand Jury Materials and Arraignment Transcript filed by Plaintiff Chief 2 Eagles f/k/a Clarence "Billy" Burkette, which was referred to the undersigned for determination in accordance with 28 U.S.C. § 636(b)(1)(A). ECF Nos. 16, 19.

Having considered the record, the submissions, and applicable law, Plaintiff's Motion to Unseal Grand Jury Materials is DENIED and Motion to Unseal Arraignment Transcript is DENIED AS MOOT for the reasons set forth herein.

## I.   **BACKGROUND**

Plaintiff Chief 2 Eagles f/k/a Clarence Burkette was indicted for wire fraud (18 U.S.C. § 1343), pled guilty, and was sentenced to six months of imprisonment, with a surrender date of May 13, 2024, followed by a supervised release term of two years. *See United States v. Burkette*, Criminal No. 21-188 (E.D. La.), ECF Nos. 1, 89, 112. On November 4, 2024, the Fifth Circuit dismissed his appeal, finding no nonfrivolous issues. *Id.*, ECF No. 133-1.

On March 12, 2025, Plaintiff filed this civil suit against the United States, its agencies and officials, state and local officials, and other individuals asserting a variety of claims based on an alleged unlawful prosecution and retaliation against him and the denial of his right to withdraw a guilty plea for which he is currently serving a term of supervised release. Civ. No. 25-494, ECF Nos. 1 at 1-3, 1-1 at 2-3. The undersigned granted Plaintiff's motion to proceed *in forma pauperis*

and, consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), ordered that summons not be issued until completion of the statutorily mandated review. ECF Nos. 2, 4. In response to that Order, Plaintiff filed a written response (the "Response"), after which the matter was referred to the undersigned for proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), including review under 28 U.S.C. § 1915. ECF Nos. 7, 7-2, 8.

On July 24, 2025, the undersigned recommended, among other things, dismissal of Plaintiff's claims based on alleged violations of criminal statutes (18 U.S.C. §§ 2, 371, 241, 242, and 1510) against all defendants with prejudice and without leave to amend, that other claims as to certain defendants be dismissed with prejudice, and other claims against certain defendants be dismissed without prejudice. *See* ECF No. 13 at 32-34. The undersigned also recommended that Plaintiff be granted leave to amend certain claims as to specified defendants. *See id.* at 33. Plaintiff filed Objections to the Report and Recommendation, an Amended Complaint, and a Motion to Unseal Grand Jury Materials and Arraignment Transcript and his Amended Complaint. ECF Nos. 15, 16, 17. This Order and Reasons addresses only the Motion to Unseal Grand Jury Materials and Arraignment Transcript.[1]

In this motion, Plaintiff requests the minutes and transcripts of the second grand jury proceedings that resulted in an indictment returned against him in his criminal case, Criminal No. 21-188, be unsealed pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii). ECF No. 16 at 1-2. He contends these materials are needed to support his claim based on 18 U.S.C. § 242 provided in his Amended Complaint, as the materials allegedly will reveal how the grand jury "was instructed, what evidence was admitted, and whether jurisdictional defects were noted." *Id.* at 2; *see* ECF No. 17 at 2-3. He argues there is no other source for that information and the balance

---

[1] The District Judge will address the Objections. On August 25, 2025, the undersigned recommended that the claims asserted in the Amended Complaint likewise be dismissed. ECF No. 18.

of interests weigh in favor of disclosure. ECF No. 16 at 2.

Plaintiff also requests the transcript of the arraignment hearing before Judge Ivan Lemelle be unsealed pursuant to the common law right of public access and *Press Enterprise Co. v. Superior Court of California*, 464 U.S. 501 (1984). *Id.* at 1-3.

## II. APPLICABLE LAW AND ANALYSIS

### A. Rearraignment Transcript

Plaintiff's request to unseal the transcript of the rearraignment must be denied as moot. Contrary to Plaintiff's assertion, the transcript of the rearraignment is not filed under seal. Rather, the transcript was docketed on March 2, 2024, and is readily available to him and other members of the public by accessing the court docket. *See* ECF No. 98 in Criminal Action No. 21-188.

### B. Grand Jury Proceedings

"Federal courts long have recognized that secrecy is essential to maintaining the integrity of the grand jury system."[2] Rule 6(e) of the Federal Rules of Criminal Procedure specifies limited circumstances under which the court may authorize disclosure of matters before the grand jury.[3] Rule 6(e)(3)(E)(ii) authorizes disclosure "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."[4] Rule 6(e)(3)(E)(i) authorizes disclosure "preliminary to or in connection with a judicial proceeding." Any reliance on Rule 6(e)(3)(E)(ii) is misplaced because Plaintiff is not a "defendant" in *this* case.[5] Because Plaintiff is proceeding *pro se*, the undersigned liberally construes his request as being made pursuant to Rule 6(e)(3)(E)(i)[6] because the request is made in

---

[2] *United States v. Shows Urquidi*, 71 F.4th 357, 366 (5th Cir. 2023) (quoting *In re Grand Jury Testimony*, 832 F.2d 60, 62 (5th Cir. 1987)).
[3] *United States v. Frye*, No. 04-331, 2006 WL 8425614, at *1 (E.D. La. Apr. 6, 2006) (Vance, J.).
[4] *Shows Urquidi*, 71 F.4th at 366 (quoting FED. R. CRIM. P. 6(e)(3)(E)(ii)); *Frye*, 2006 WL 8425614, at *1 (same).
[5] *See Covington v. McLeod*, 646 F. Supp. 2d 66, 70 (D.D.C. 2009) (holding Rule 6(e)(3)(E)(ii) inapplicable to movant who was the plaintiff rather than the defendant), *aff'd*, No. 09-5336, 2010 WL 2930022 (D.C. Cir. July 18, 2010).
[6] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 98, 106 (1976)).

connection with this pending judicial proceeding.[7]

The burden is on the party seeking disclosure "to show that 'a particularized need' exists for the materials that outweighs the policy of secrecy."[8] To meet this burden, the party must demonstrate that "(1) the material he seeks is needed to avoid a possible injustice . . . , (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only material so needed."[9] This showing "must be made even when the grand jury whose transcripts are sought has concluded its operations."[10] "Conclusory assertions of flaws in the grand jury process do not alone warrant disclosure of grand jury materials."[11]

Plaintiff has not shown a particular need for the grand jury materials he seeks. For instance, Plaintiff requests the disclosure of the minutes and transcripts to support a claim that defendants deprived him of his constitutional rights under color of law by "convening a second Grand Jury outside proper jurisdiction and obtaining an indictment absent lawful process" in violation of § 242.[12] As previously explained, there is no private right of action under 18 U.S.C. § 242,[13] and for that reason, the undersigned has recommended that Plaintiff's assertion of a claim under that provision be dismissed without leave to amend.[14]

Further, Plaintiff's motion fails to satisfy his burden under Rule 6(e)(3)(E), as articulated by the Fifth Circuit. Plaintiff has provided no evidence to suggest that the proceedings were

---

[7] *See United States v. Davis*, 721 F. App'x 856, 860 n.1 (11th Cir. 2018) (noting that a proceeding must be pending for a request to be "in connection with" same) (citing *United States v. Baggot*, 463 U.S. 476, 479 (1983))).
[8] *Shows Urquidi*, 71 F.4th at 366 (quoting *United States v. Miramontez*, 995 F.2d 56, 59 (1993) (quoting *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959))); *see United States v. Smith*, 697 F. App'x 836, 837 (5th Cir. 2017) (noting the burden applies to the requesting party).
[9] *Id.* (quoting *Miramontez*, 995 F.2d at 59).
[10] *Miramontez*, 995 F.2d at 59 (quoting *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 221-222 (1979)).
[11] *Frye*, 2006 WL 8425614, at *1.
[12] ECF No. 17 at 2-3.
[13] *White v. Statebridge Co.*, No. 22-713, 2023 WL 2472657, at *8 (E.D. Tex. Feb. 6, 2023) ("Federal courts have uniformly found there is no private cause of action under 18 U.S.C. Sections 241, 242." (citing cases)), *R.&R. adopted*, 2023 WL 2465774 (E.D. Tex. Mar. 10, 2023).
[14] *See* ECF No. 13 at 12-13, 33; ECF No. 18 at 2.

improper and the indictment unlawful, and his conclusory assertion to the contrary is insufficient.[15] Indeed, Plaintiff's request to access the materials so that he can determine "whether jurisdictional defects were noted"[16] makes clear that he has no evidence of jurisdictional defects but rather simply desires to explore same, and as such, he cannot show that a possible injustice could have been avoided.[17] Finally, Plaintiff's request for the entirety of all transcripts and minutes fails to present a properly structured request that identifies only the specific portions needed.[18] As such, Plaintiff does not establish any basis for has not satisfied Rule 6(e)(3)(E).

Moreover, there is no evidence that Plaintiff served the required notice seeking disclosure of grand jury proceedings on an attorney for the government, as required by Rule 6(e)(3)(F).

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Unseal Rearraignment Transcript is DENIED AS MOOT and the Motion to Unseal Grand Jury Materials is DENIED the reasons stated herein.

New Orleans, Louisiana, this __26th__ day of August, 2025.

*signature*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[15] *See Frye*, 2006 WL 8425614, at *2 (rejecting assertion of particularized need when movant made a "vague and unspecific statement that he has 'reason to believe' that the integrity of the grand jury process was affected by perjured testimony" but provided no evidence that suggests improprieties (citing *Shield v. Twiss*, 389 F.3d 142, 148 (5th Cir. 2004) (denying disclosure when party "presented no evidence that would justify a fishing expedition into the proceedings of the grand jury"))); *see also Miramontez*, 995 F.2d at 59 (finding no particularized need in the absence of any evidence in the grand jury materials that might reveal the presence of an error or defect).
[16] ECF No. 16 at 2.
[17] *Cf. Shows Urquidi*, 71 F.4th at 367 (finding defendant cannot show a possible injustice because his argument "that the district court should have granted him access to the grand jury materials so he could 'determine what information the government had presented and . . . whether the indictment had been influenced by any misconduct' establishes that he cannot demonstrate false information was actually presented to the grand jury").
[18] *See United States v. Waguespack*, No. 16-58, 2017 WL 1050580, at *17-18 (M.D. La. Mar. 20, 2017) (finding request for a "transcription of the grand jury proceedings" "too broad" (citing *Miramontez*, 995 F.2d at 59)), *aff'd*, 935 F.3d 332 (5th Cir. 2019); *see also Miramontez*, 995 F.2d at 59 (finding defendant's petition "is wholly general and does not request any specific portion of the proceedings for disclosure").